# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CENECA R. JOHNSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 17-cv-1428 |
| STEVE KALLIS, Warden of FCI PEKIN, | ) ) ) |
| Respondent. | ) |

## O R D E R & O P I N I O N

This matter is before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner, CENECA R. JOHNSON. For the reasons stated below, the Petition is DISMISSED ON ITS MERITS.

### LEGAL STANDARDS

This Court, in its discretion, applies Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to cases such as these purporting to arise under 28 U.S.C. § 2241. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 1(b).[1] Rule 4 requires the Court to "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 then, the Court will examine the Petition and determine whether it plainly appears the Petitioner is entitled to relief.

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (ruling Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines).

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. (Doc. 1 at 1). He pled guilty to the offense of bank robbery in violation of 18 U.S.C. §2113(a) and (d) and was sentenced on October 18, 2013 to 262 months imprisonment. That term of imprisonment was greater than the advisory guideline range yet slightly less than the statutory maximum of 300 months. See 18 U.S.C> § 2113(d).

Petitioner appealed his sentence to the Eighth Circuit Court of Appeals claiming the sentence was unreasonable. The court rejected Petitioner's claim and held "the district court properly determined that Johnson was a career offender, see U.S.S.G. § 4B1.1(a); *United States v. Clarke,* 564 F.3d 949, 955 (8th Cir. 2009) (de novo review), <u>and did not impose an unreasonable sentence by varying upward after providing multiple reasons for doing so based on specified sentencing factors in 18 U.S.C. § 3553(a)</u>...." *United States v. Johnson*, 560 F. App'x 647, 648 (8th Cir. 2014) (emphasis added). After an unsuccessful attempt at certiorari before the United States Supreme Court, *Johnson v. United States*, 135 S. Ct. 1474 (2015), Petitioner filed his first motion under 28 U.S.C. § 2255, which was summarily dismissed with the dismissal upheld on appeal. *See* Docket of *Johnson v. United States*, 4:15-cv-00340, (S.D. Iowa). Thereafter, Petitioner filed a second motion under 28 U.S.C. § 2255. *Johnson v. United States*, 4:16-cv-00238, (S.D. Iowa). In that motion, he argued that he was entitled to relief pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court

determined that the residual clause definition of "crime of violence" under the Armed Career Criminal Act was unconstitutionally vague. The district court found that the *Johnson* decision would not afford Petitioner any relief because the residual clause definition of "crime of violence" was not used to determine that Petitioner was a career offender. (Doc. 2 at 2, *Johnson v. United States*, 4:16-cv-00238, (S.D. Iowa)). Thereafter, the Petitioner petitioned the Eighth Circuit Court of Appeals for authorization to file a successive habeas application in the district court and that petition was summarily denied.

Now Petitioner brings a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) claiming that his sentencing court misapplied the career offender enhancement in Petitioner's sentence because his second degree robbery conviction for violating Iowa Code §§ 711.1 and 3 was not a qualifying conviction under *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court concluded that a conviction for burglary in Iowa cannot serve as a predicate crime under the ACCA. In doing so, the *Mathis* court clarified and reaffirmed the well-known categorical approach.

## DISCUSSION

Federal prisoners like Petitioner who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often

3

referred to as "the Savings Clause"). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

In *Davenport*, the Seventh Circuit articulated three conditions that a petitioner must meet in order to invoke the Savings Clause on the basis of a change in law. *Id.* at 610-612. These conditions were summarized in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), another case in which a petitioner brought a § 2241 petition based upon a Supreme Court decision interpreting the residual clause of the ACCA. First, a prisoner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* at 586 (citations omitted) (internal quotation marks omitted).

*Mathis* is "a case of statutory interpretation," and "did not announce [a new rule of constitutional law]." *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). Thus, Petitioner can satisfy the first *Davenport* requirement. He could not have relied on *Mathis* in his first 2255 motion because Mathis had not yet been decided. So he may have a colorable argument that he can satisfy the second *Davenport* requirement.

However, there is no doubt in the Court's opinion that Petitioner cannot satisfy the third *Davenport* requirement, which is that the sentencing error was grave

4

enough to be deemed a miscarriage of justice corrigible in a habeas corpus proceeding. *Caraway*, 719 F.3d at 586. In *Caraway*, the Seventh Circuit explained that "the misapplication of the sentencing guidelines, at least where… the defendant <u>was sentenced in the pre-*Booker* era</u>, represents a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding." *Id.* at 588 (emphasis added) citing *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011). Petitioner was sentenced in the post-*Booker* era, in which the sentencing guidelines are merely advisory.

Other cases have severely limited what aspects of sentencing errors are deemed corrigible on collateral review in this jurisdiction. In *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) for example, the Seventh Circuit held that a district court's error in finding an escape offense to be a "crime of violence" under the Guidelines and thus sentencing the defendant as a career offender when he was not, <u>was not</u> a correctable error on collateral review since the sentence did not exceed the statutory maximum. *Id.* at 823. That is the exact same situation here.

Petitioner was sentenced to 262 months which is thirty-eight months <u>less than</u> the statutory maximum of 300 months. *See* 18 U.S.C. § 2113(d) ("Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, <u>shall be fined under this title or imprisoned not more than twenty-five years</u>, or both.") (emphasis added). Thus, Petitioner has

5

failed to raise a sentencing error corrigible on collateral review in this jurisdiction, just like the petitioner in *Hawkins* similarly failed.

Moreover, the Eighth Circuit has already held that Petitioner's sentence was not unreasonable in light of the district court's discussion of multiple reasons for imposing the sentence that it choose based on specified sentencing factors in 18 U.S.C. § 3553(a). *United States v. Johnson*, 560 F. App'x 647, 648 (8th Cir. 2014).

Lastly and most importantly, this Court is loath to disturb a sentence on the basis of a purported error in the advisory guidelines calculation when the sentencing court explained it was not even relying on the advisory guidelines range in fashioning its sentence. The sentencing court stated on the record during Petitioner's sentencing:

> In fashioning an appropriate sentence, I have considered each of the factors found in Title 18, United States Code, Section 3553(a). I have considered the nature and circumstances of the offense as well as the history and characteristics of Mr. Johnson.
> ***
> In considering the question of just punishment, I note that he has a history that involves carrying weapons in 1999 for which his supervision was revoked. He's got a conviction for theft in 2000, for delivery of cocaine base in 2000 for which his probation or parole was revoked on multiple occasions. He's got a possession of burglar tools conviction again for which his supervision was revoked. Interference with official acts. Robbery March of 2005, 25-year term of imprisonment. Of course, under our state system that does not equate to a 25-year term of incarceration; but his criminal history shows acts of violence, drug trafficking, theft, and weapons which is an obviously dangerous combination.
> I have considered the need for adequate deterrence to criminal conduct. The need to protect the public from further crimes from this defendant is real. I have considered the sentencing options that are available to the Court. <u>I have looked to the Sentencing Guidelines as an important, but not in any way controlling factor to be considered</u>.
> ***
> <u>I conclude that the Guideline sentencing system inadequately addresses the circumstances of this defendant and that this range is unreasonable.</u>

> I find it unreasonable because I don't believe that you have accepted responsibility at all. <u>I am going to sentence you above the Guideline range to reflect that lack of acceptance of responsibility together with the aggravating factors previously identified</u>.
>
> \*\*\*
>
> I specifically find that the sentence is sufficient, but it is not greater than necessary to address the essential sentencing considerations.

(Transcript of Sentencing (Doc. 79 at 26- 29, *United States v. Johnson*, No. 3:12-cr-000079-JAJ-TJS (S.D. Iowa Oct. 18, 2013)) (emphasis added)). The above quoted excerpts from the Petitioner's sentencing transcript confirm the court did not rely on the advisory guidelines range in fashioning its sentence but instead considered each of the factors found in Title 18, United States Code, Section 3553(a), and came up with a sentence it thought was sufficient, but no greater than necessary, to address the essential sentencing considerations.

In short, the Court was able to discern from the face of the petition and publicly available documents that Mr. Johnson received a sentence that does not offend the Constitution or any other laws of the United States and he is not entitled to proceed with this petition under 28 U.S.C § 2241.[2]

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) that is should be DISMISSED on its merits. CASE TERMINATED.

---

[2] The Advisory Committee Notes to Rule 4 provide that the judge may order [transcripts, sentencing records, and copies of state court opinions] for the judge's consideration in addition to the petition. In this case, all the materials were readily available from the sentencing court's publically available electronic docket.

7

IT IS SO ORDERED.

Entered this 6th day of November, 2017.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge